[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Matthew Collins, was ineffective in assisting him in that he (1) failed to move to recuse the trial judge because of bias; (2) failed to adequately prepare petitioner for trial testimony; and (3) other errors.
The petitioner's arrest and conviction arose from an event on April 9, 1990 in the Stowe Village housing project in the area of Kensington and Hampton Streets when members of the Garden Street Posse shot from a motor vehicle into a group of people at the intersection killing one person and seriously injuring another. The petitioner was found guilty after a jury trial of manslaughter in the first degree, conspiracy to commit assault in the first degree and assault in the first degree.
The petitioner called himself as his only witness. The petitioner testified that he understood that the State's case against him was basically that he was a passenger in a car which did a drive-by shooting on April 9, 1990. He recalls talking with Collins in October 1990 but that the discussion was mostly on taking a plea rather than a defense. He had asked Collins to interview several witnesses such as Bryant Johnson, Sedrick Sutton, Derek Allen, and Rodriguez, but doesn't believe he interviewed any of them. Allen was a co-defendant and Johnson testified for the State in the petitioner's trial. None of these people were called in the present proceedings. He claimed that he wanted to testify that he was in the car but didn't know that the ride was for a drive-by shooting but his attorney wouldn't let him.
Collins testified for the respondent that his strategy was to remove the petitioner as far from the shooter as possible but he had a problem because the petitioner made such a poor witness at the suppression hearing and he had a prior record. The major decision was whether he should testify and the petitioner made that decision. Respondent's Exhibit A. CT Page 7310
Three of his friends, Johnson, Leonard Lindsay and Keith Wilson, testified in his criminal trial and implicated the petitioner, not only with knowledge of the purpose of the drive to Stowe Village, but the possession of a handgun and the actual shooting at the group at the corner of Kensington and Hampton Streets. The petitioner's theory of defense of lack of knowledge could not overcome such evidence. As the Appellate Court wrote in its decision cannot be concluded otherwise as to all three of his offenses: "Here the jury clearly was convinced that the defendant intentionally aided another person in committing an assault in the first degree. The evidence clearly supported such a conclusion and the defendant was not convicted of a conspiracy to bring about an unintended result but was properly convicted of conspiracy to commit assault in the first degree." State v.Hooks, 30 Conn. App. 232, 243.
The petitioner has not elaborated on how he determined the trial judge was biased. Nor has he indicated other claims of ineffectiveness.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 239 (1995); Strickland v. Washington,466 U.S. 668, 694. He has failed to carry his burden of proof on either of said prongs.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee